IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| DATAGLOBAL GMBH, <br><br> Plaintiff, <br><br> v. <br><br> DOCULYNX, INC., <br><br> Defendant. | 8:18CV442 <br><br> **ORDER** |

In this diversity case, *see* 28 U.S.C. § 1332(a)(2), plaintiff Dataglobal GMBH ("Dataglobal"), a German citizen, seeks (Filing No. 1) to register and enforce in the United States a sizeable German-court judgment it obtained against Doculynx, Inc. ("Doculynx"), a Nebraska citizen. After Doculynx answered (Filing No. 5) the Complaint, its counsel moved to withdraw (Filing No. 11), stating that a breakdown in communication prevented them from representing Doculynx.

In a text order dated November 28, 2018, the magistrate judge[1] denied the motion to withdraw to enable Doculynx an opportunity to obtain substitute counsel before December 28, 2018. *See, e.g., Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 202 (1993) (explaining that "a corporation may appear in the federal courts only through licensed counsel"). Three days after that day came and went, counsel renewed their motion to withdraw (Filing No. 14).

The magistrate judge set the matter for hearing on January 31, 2019, and advised Doculynx by order (Filing No. 15) "that if a corporate representative d[id] not appear at the hearing on its behalf, [she would] recommend that default judgment be entered against

---

[1]The Honorable Susan M. Bazis, United States Magistrate Judge for the District of Nebraska.

it." As instructed by the magistrate judge, Doculynx's counsel mailed a copy of the order to the company's president and registered agent (Filing No. 16).

Despite that notice, Doculynx neither obtained substitute counsel nor attended the hearing. The magistrate judge granted Doculynx's counsels' renewed motion to withdraw. After some discussion about the best way to proceed, Dataglobal orally moved for default judgment. On February 15, 2019, the magistrate judge entered a Findings and Recommendation (Filing No. 22) recommending the Court grant Dataglobal's motion and register, recognize, and enforce the German-court judgment as if it had been rendered in this Court. Neither party has objected to the magistrate judge's findings and recommendation. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2).

This matter is now before the Court on Dataglobal's oral motion for default judgment. The Court finds that motion—as presented—is premature.

Under Federal Rule of Civil Procedure 55, securing a default judgment is a two-step process. *See, e.g.*, *Johnson v. Dayton Elec. Mfg. Co.*, 140 F.3d 781, 783 (8th Cir. 1998). First, the party seeking a default judgment must show that the opposing party "has failed to plead or otherwise defend" the action and have the Clerk of Court enter that party's default under Rule 55(a). Second, the moving party can then—depending on the circumstances—request that the Clerk of Court or the Court enter a default judgment under Rule 55(b). In either case, "entry of default under Rule 55(a) must precede grant of a default judgment under Rule 55(b)." *Id.*; *accord Inman v. Am. Home Furniture Placement, Inc.*, 120 F.3d 117, 118 n.2 (8th Cir. 1997) ("Entry of a default under Federal Rule of Civil Procedure 55(a) is not, as such, entry of a judgment; it merely permits the plaintiff to move for a default judgment under Rule 55(b)(2), assuming that the default is not set aside under Rule 55(c).").

Here, Dataglobal skipped the first step when it orally moved the Court for default judgment. The mistake is not calamitous. The Court will construe Dataglobal's oral

motion as a request for entry of default and order the Clerk of Court to enter default. The Court agrees with the magistrate judge that Dataglobal has sufficiently shown that Doculynx has failed to defend this action—a task made much harder without substitute counsel. *See* Fed. R. Civ. P. 55(a). Upon the Clerk's entry of default under Rule 55(a), Dataglobal can then move for default judgment as it deems appropriate under Rule 55(b).

Based on the foregoing,

IT IS ORDERED:
1. Plaintiff Dataglobal GMBH's request for entry of default as modified above is granted.
2. The Clerk of Court is ordered to enter default against defendant Doculynx, Inc.

Dated this 8th day of March 2019.

BY THE COURT:

Robert F. Rossiter, Jr.
United States District Judge